rights of way running through said valley, and also the approach at the eastern end of said bridge, the companies being held responsible only for one-half of the cost of such construction, as provided by section 94 of the Railroad Law. (See 224 N. Y. 708; 238 N. Y. 122.)

*Isaac N. Mills, Alexander S. Lyman* and *Charles M. Sheafe, Jr.,* for appellants.

*Carleton S. Cooke* and *Louis W. Stotesbury* for Transit Commission, respondent.

*George P. Nicholson, Corporation Counsel (Vincent Victory* of counsel), for city of New York, respondent.

Order affirmed, with costs; no opinion.

Concur: POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ.. Dissenting: CARDOZO and ANDREWS, JJ. Not voting: HISCOCK, Ch. J.

---

REAL ESTATE FINANCE CORPORATION, Respondent, *v.* ALICE K. JOHNSON, Appellant, Impleaded with Another.

*Bills, notes and checks — usury — action to recover upon promissory note — defense of usury — reasonable charge for services in financing building project.*

*Real Estate Finance Corp.* v. *Johnson,* 215 App. Div. 769, affirmed. (Submitted June 4, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1926, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court in an action to recover upon a promissory note. The defense was usury, the answer alleging that the note in suit was a renewal note in place of a note for $10,000 given upon an usurious agreement whereby the plaintiff exacted and took $800, in addition to legal interest, for the use of the money for a period of seventy-five days. The trial court held that the parties intended the $800 to be a payment for services in financing a building project in which plaintiff was interested and that the amount was a reasonable charge for the work done.

*C. Bertram Plante* and *Harry Edwards* for appellant.

*Tracy S. Voorhees* and *Edward I. Devlin, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

In the Matter of the Claim of Louis Florick, Respondent, against Broad Window Cleaning Company et al., Appellants.

### State Industrial Board, Respondent.

*Workmen's compensation — master and servant — injury from fall — award for facial disfigurement.*

*Florick* v. *Broad Window Cleaning Co.,* 215 App. Div. 734, affirmed. (Argued June 4, 1926; decided July 9, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 16, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, a window cleaner, was injured by a fall from a ladder in the course of his employment, resulting in a scar on his forehead. An award was made for facial disfigurement though his earning capacity was unimpaired.

*Paul Koch* and *Charles O. Truex* for appellants.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.